MINUTE ENTRY
DOUGLAS, M.J.
OCTOBER 8, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAMILLE L. MAHAR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2994** |
| **NATIONAL RAILROAD PASSENGER CORPORATION** | **SECTION "D" (3)** |

On October 6, 2021, the Motion to Quash Subpoena Duces Tecum and Records Deposition to Medical Providers Pursuant to Fed. R. Civ. P. 45 and 26 (Rec. Doc. No. 20) filed by plaintiff, Camille Mahar, and Amtrak's Motion to Compel Neuropsychological evaluation and Vocational Rehabilitation Assessment (Rec. Doc. No. 25) filed by defendant, National Railroad Passenger Corporation ("Amtrak"), came on for oral hearing before the undersigned. Present were:

Carisa R. German-Oden on behalf of plaintiff, Camille L. Mahar

Brent A. Talbot and Katharine R. Colletta on behalf of defendant, Amtrak

For the reasons stated on the record and after further consideration,

**IT IS ORDERED** that the Motion to Quash Subpoena Duces Tecum and Records Deposition to Medical Providers Pursuant to Fed. R. Civ. P. 45 and 26 (Rec. Doc. No. 20) is GRANTED IN PART, and the subpoenas issued by defendant, Amtrak, are modified to include a temporal period of 10 years from the date of the alleged incident, as the Court finds that the information requested is not proportional to the needs of the case. Amtrak has failed to show how the juvenile medical records it seeks to subpoena are proportional to the needs of the case, particularly when considering that Amtrak possesses recent information about Plaintiff's medical records and history dating back to 2017, 2018, and 2019. (*See* Rec. Doc. No. 27-4 at p. 3; Rec.

MJSTAR: 00:29

Doc. No. 27-5; Rec. Doc. No. 27-2). When questioned about the medical treatment occurring in December of 2017, Plaintiff confirmed that she treated for chronic depression and anxiety and that she informed her doctor that she was hospitalized at the age of fourteen or fifteen for side effects associated with antidepressants. (Rec. Doc. No. 27-4 at pp. 3-4). Plaintiff confirmed that the side effects included visual and auditory hallucinations. (*Id*.). Plaintiff also testified that her side effects started soon after she started taking the anti-depressants and they stopped soon after she stopped taking the anti-depressants. (*Id*. at p. 7). Plaintiff later testified that she was misdiagnosed for schizophrenia and eventually diagnosed with anxiety disorder, and that she has continued treating her anxiety on an as-needed basis. (*Id*. at pp. 10-11; 14-15). Plaintiff also confirmed that she was not making claims of anxiety, depression, and audio or visual hallucinations related to this case. (Rec. Doc. No. 20-2 at pp. 6-7). Based on Plaintiff's testimony and the fact that Amtrak possesses information regarding Plaintiff's recent treatment, the Court finds that a limitation to 10 years before the date of the accident is appropriate. *See Payton v. S. Fid. Ins. Co*., No. CV 18-2365, 2018 WL 5786047, at *2 (E.D. La. Nov. 5, 2018). The Plaintiff's Motion to Quash is DENIED AS MOOT as to the medical records that were previously produced in response to Amtrak's subpoenas. The Court notes that although records were already produced in response to the subpoena, the production of those documents does not equate to admissibility. Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

**IT IS FURTHER ORDERED** that Amtrak's Motion to Compel Neuropsychological evaluation and Vocational Rehabilitation Assessment (Rec. Doc. No. 25) is GRANTED, as the Court finds good cause after reviewing Amtrak's submission from its independent medical

examiner, neurologist, Dr. Archie Melcher, who has recommended neuropsychological testing be performed. Thus, Plaintiff is ordered to submit to a neuropsychological evaluation with Kevin Greve, Ph.D. at 2901 N. I-10 Service Road E, Suite 300, Metairie, Louisiana 70002 on a date and time that are mutually agreeable for Kevin Greve, Ph.D. and Plaintiff. Plaintiff shall also submit to a vocational rehabilitation assessment with Nancy Favaloro, M.S., CRC, CCM, LRC at 1615 Poydras Street, Suite 1040, New Orleans, Louisiana 70112 on a date and time that are mutually agreeable for Nancy Favaloro, M.S., CRC, CCM, LRC and Plaintiff.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**