## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**CAMILLE L. MAHAR**                                   **CIVIL ACTION**

**VERSUS**                                             **NO. 20-2994-WBV-DMD**

**NATIONAL RAILROAD PASSENGER**            **SECTION: D (3)**
**CORPORATION**

## <u>ORDER AND REASONS</u>

Before the Court is a Motion to Strike Plaintiff's Expert Testimony, filed by

National Railroad Passenger Corporation ("Amtrak").[1]  Plaintiff opposes the Motion,[2]

and Amtrak has filed a Reply.[3]  After careful consideration of the parties' memoranda

and the applicable law, the Motion is **DENIED.**

    I.    **FACTUAL AND PROCEDURAL BACKGROUND**[4]

This is an action to recover damages under the Federal Employer's Liability

Act, 45 U.S.C. § 51, *et seq.* ("FELA") for personal injuries sustained by Camille L.

Mahar ("Plaintiff") while employed as a coach attendant by her railroad employer,

Amtrak.[5]  Plaintiff alleges that on or about May 19, 2019, while working as an

Amtrak coach attendant aboard a train, she sustained severe neck, upper back, left

shoulder, left side, and head injuries when the train suddenly and violently shifted,

---

[1] R. Doc. 54.
[2] R. Doc. 58.
[3] R. Doc. 74.
[4] In the interest of judicial economy, and because the factual and procedural background of this case was extensively detailed in the Court's April 13, 2022 Order and Reasons granting Amtrak's Motion to Strike Plaintiff's Untimely Supplemental Witness and Exhibit Lists (R. Doc. 95), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.
[5] R. Doc. 1 at ¶ 4.

throwing her against the railcar wall where she was working.[6]  Plaintiff claims that when she "was slammed sideways, her left side, left arm, and left shoulder struck the railcar wall, and her left elbow hit a piece of metal jutting out from a vent under the coach railcar window."[7]  Plaintiff alleges that she also "sustained a brain injury causing headaches, migraines, cognitive difficulty, disequilibrium, and visual disturbances due to the force of the violent shift, and possible head and face contact with the railcar wall."[8]  In her Complaint, Plaintiff seeks several categories of damages, including past and future physical pain and suffering, potential permanent disability, past and future lost wages, and loss of earning capacity.[9]

Amtrak filed the instant Motion to Strike on January 31, 2022, seeking to strike the non-disclosed expert testimony of Plaintiff's treating physicians, including Dr. Moises Arriaga, Dr. Michael Puente, Dr. Neil Duplantier, and any other treating physicians that Plaintiff has identified as experts without providing expert reports under Fed. R. Civ. P. 26(a)(2)(B) or sufficient expert disclosures under Rule 26(a)(2)(C).[10]  Amtrak asserts that the Court set a July 16, 2021 deadline for Plaintiff to provide expert reports and expert disclosures for non-retained experts under Rule 26(a)(2)(C), and that Plaintiff has failed to comply with Rule 26(a)(2)(C) or the Court's Scheduling Order because she has provided no information regarding the subject matter or anticipated testimony of her treating physician experts or the facts and

---

[6] *Id.* at ¶ 7.
[7] *Id.*
[8] *Id.*
[9] *Id.* at ¶¶ 11-14.
[10] R. Doc. 54.

opinions on which these experts may testify.[11]  Amtrak asserts that after identifying Plaintiff's treating physicians, Plaintiff's Rule 26(a)(2)(C) disclosure states that the 14 physicians will testify "regarding their respective studies conducted of Plaintiff; the nature and purpose of said studies; how said studies were conducted; the respective interpretations of said studies; medical causation . . . ." and "regarding their physical examinations of Plaintiff," and that the basis of their opinions "appear in their respective records and the records from other healthcare providers seen by Plaintiff."[12]  Amtrak argues that these vague and generic references to subjects and items in medical records, as well as providing the physician's medical records, do not satisfy Rule 26(a)(2)(C).[13]

Amtrak argues that the proposed expert testimony of Plaintiff's treating physicians should be excluded from trial because Plaintiff's failure to comply with Rule 26's expert disclosure requirements was not substantially justified or harmless.[14]  Addressing the four factors considered by courts in this Circuit in determining whether exclusion is appropriate, Amtrak asserts that: (1) Plaintiff has provided no explanation for her failure to comply with the Court's Scheduling Order and Rule 26; (2) Plaintiff's failure to comply with Rule 26 and the Court's deadlines prejudices Amtrak's ability to defend itself in this matter, as its experts did not have an opportunity to review the medical records or rebut the still-undisclosed opinions

---

[11] R. Doc. 54-1 at p. 2.

[12] *Id.* at pp. 2-3.  The Court notes that Amtrak refers to Plaintiff's Rule 26(a)(2)(C) disclosures as contained in "Exhibit 1," but no exhibits were submitted with Amtrak's Motion.  *See, generally*, R. Doc. 54.

[13] R. Doc. 54-1 at p. 3 (citing authority).

[14] *Id.* at p. 4.

from Plaintiff's treating physicians, and Amtrak was unable to file *Daubert* motions with respect to the treating physicians; (3) a continuance will not remedy the prejudice because all of Amtrak's expert reports have been completed and provided to Plaintiff, and any further delays will further prejudice Amtrak and cause greater expense; and (4) the importance of the expert testimony, alone, does not justify allowing it without other compensating factors.[15] As such, Amtrak asserts that the treating physicians' testimony should be limited to lay testimony regarding their treatment of Plaintiff.[16] Amtrak therefore asks the Court to strike any expert testimony and undisclosed opinions, including those of treating physicians, Dr. Moises Arriaga, Dr. Michael Puente, Dr. Neil Duplantier, and the other physicians and healthcare providers identified in Plaintiff's July 16, 2021 disclosure, or subsequently identified.[17]

Plaintiff opposes the Motion, asserting that she has complied with Rule 26(a)(2)(C) by disclosing her treating physicians and medical providers, Amtrak has received all of the medical records in this matter, and that Amtrak has filed "a meritless motion under a false claim of prejudice."[18] Plaintiff claims that she identified her treating physicians in written responses to discovery, produced their medical records, and identified those providers as witnesses in her Rule 26 expert disclosure and subsequent Witness and Exhibit List, all of which occurred well in

---

[15] *Id.* at pp. 4-6 (citations omitted).
[16] *Id*. at p. 6.
[17] *Id*.
[18] R. Doc. 58 at p. 1.

advance of the January 21, 2022 discovery deadline.[19]  Plaintiff asserts that Amtrak's Motion should be denied because any Rule 26 violation was harmless, as Amtrak is not prejudiced or surprised, the cases relied upon by Amtrak are distinguishable, and a continuance would cure any purported prejudice to Amtrak.  Turning to the first factor considered in determining whether her alleged Rule 26 violation was harmless, the explanation for the failure to identify the witness, Plaintiff claims that her Rule 26(a)(2)(C) disclosure on July 16, 2021 is sufficient because it provides a list of her treating physicians who may testify at trial and a summary of their expected testimony, including that they may opine that the accident in question caused her medical treatment.[20]  Although Dr. Arriaga is not listed, Plaintiff claims he practices at Culicchia Neurological Clinic, which is listed, and Plaintiff had not yet treated with him when her expert disclosure was due.[21]

Turning to the remaining three factors, Plaintiff asserts that: (1) Dr. Arriaga's testimony is critical because he is the only physician who can testify regarding Plaintiff's vestibular dysfunction; (2) Amtrak has suffered no prejudice or surprise regarding the medical causation experts because Dr. Arriaga included a memo in his medical records stating Plaintiff's injury was work-related, Amtrak did not seek to depose any of Plaintiff's treating physicians, and Amtrak's experts did not consider any of Plaintiff's medical records; and (3) a continuance would cure any purported prejudice to Amtrak, especially since Plaintiff "is still treating and requires time in

---

[19] R. Doc. 58 at pp. 5-6 (*citing* R. Docs. 58-4 & 58-6).
[20] R. Doc. 58 at p. 8.
[21] *Id.* a p. 9.

order to do so."[22]   Plaintiff further asserts that this case is analogous to *Carroll v. American Empire Surplus Lines Insurance Company*, where Judge Milazzo denied a motion to strike or limit the testimony of treating physicians and medical providers where the plaintiff's Rule 26 expert disclosures were "virtually identical" to Plaintiff's Rule 26 disclosures in this case.[23]   As such, Plaintiff argues the Motion to Strike should be denied.

In response, Amtrak asserts that Plaintiff conflates conclusory boilerplate disclosure language in her July 16, 2021 disclosure and the production of medical records of treating physicians with the specific disclosure requirements for non-retained experts under Rule 26(a)(2)(C).[24]   Amtrak argues that knowledge of Plaintiff's injuries coupled with her medical records does not satisfy Rule 26(a)(2)(C), especially here, where the medical records do not mention Plaintiff's alleged head injury and mention only her left elbow injury and shoulder pain.[25]   Amtrak points out that Plaintiff saw Dr. Arriaga in July 2021, underwent audio testing with Dr. Arriaga on June 25, 2021, and underwent further testing on October 21, 2021, but failed to timely provide disclosures regarding Dr. Arriaga's proposed expert opinions or the facts purportedly supporting them based on that testing.[26]   Amtrak claims that it did not receive additional records regarding Plaintiff's January 11, 2022 visit with Dr. Arriaga until January 25, 2022, and that Plaintiff did not provide Amtrak written

---

[22] *Id.* at pp. 10-13.
[23] *Id.* at p. 16 (citing R. Docs. 175, 175-17 & 219 in Civ. A. No. 16-2589-JTM-MBN, *Carroll, et al. v. American Empire Surplus Lines Ins. Co., et al.* (E.D. La.)).
[24] R. Doc. 74.
[25] *Id.* at pp. 2-3.
[26] R. Doc. 74 at p. 3.

disclosures of the subject matter of Dr. Arriaga's expert testimony, the opinions he plans to present, or the facts underlying his testimony.[27]  Amtrak further asserts that it never agreed to depose Plaintiff's treating physicians, despite requests from Plaintiff, because it did not have the required Rule 26(a)(2)(C) disclosures to prepare for them.[28]  Amtrak claims that it still does not know the full extent of Plaintiff's treating physicians' purported expert testimony and the bases for it, and that the most Amtrak has learned of those opinions came from reading Plaintiff's Opposition brief. [29]  If Plaintiff's treating physicians are not "stricken entirely," Amtrak alternatively requests that their testimony be limited to their records and personal knowledge acquired while treating Plaintiff.[30]

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure impose disclosure requirements upon proponents of expert testimony.[31]  Expert witnesses who are "retained or specially employed to provide expert testimony" must submit written reports. [32]  Treating physicians, however, are exempt from this reporting requirement.[33]  Under Fed. R. Civ. P. 26(a)(2)(C), non-reporting expert witnesses must disclose: (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which the

---

[27] *Id*. at p. 4.
[28] *Id*.
[29] *Id*. at pp. 3 & 4.
[30] *Id*. at pp. 7-8.
[31] Fed. R. Civ. P. 26.
[32] Fed. R. Civ. P. 26(a)(2)(B).
[33] Fed. R. Civ. P. 26, 1993 and 2010 Advisory Committee Notes; *Leggett v. Dolgencorp, LLC*, Civ. A. No. 16-17264, 2017 WL 4791183, at *1 (E.D. La. Oct. 24, 2017) (Vance, J.).

witness is expected to testify.[34]  These disclosures must be made in accordance with the deadlines set in the court's scheduling orders or, absent a stipulation or a court order, at least 90 days before trial or within 30 days of the other party's disclosure when offered solely to rebut or contradict such evidence.[35]

According to the Fifth Circuit, "When a party fails to disclose information required by Federal Rule of Civil Procedure 26(a), the party is not allowed to use that information . . . to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless."[36]  Courts in this Circuit consider the following four factors in determining whether a failure to disclose was harmless or substantially justified: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice.[37]

## III.   ANALYSIS

### A. Plaintiff's July 16, 2021 Disclosure Does Not Satisfy the Requirements of Fed. R. Civ. P. 26(a)(2)(C).

Under the Court's Scheduling Order, Plaintiff's deadline to provide expert reports and expert disclosures under Rule 26(a)(2)(C) was July 16, 2021.[38]  According

---

[34] *Rea v. Wisconsin Coach Lines, Inc.*, Civ. A. No. 12-1252, 2014 WL 4981803, at *3 (E.D. La. Oct. 3, 2014) (Duval, J.) (*citing* Fed. R. Civ. P. 26(a)(2)(C)).

[35] Fed. R. Civ. P. 26(a)(2)(D).

[36] *In re Complaint of C.F. Bean LLC*, 841 F.3d 365, 372 (5th Cir. 2016) (*quoting* Fed. R. Civ. P. 37(c)(1)) (internal quotation marks omitted).

[37] *Logan v. Westfield Ins. Co.*, Civ. A. No. 17-29, 2020 WL 412216, at *8 (W.D. La. Jan. 24, 2020) (Brown, C.J.) (quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)) (internal quotation marks omitted); *Hooks v. Nationwide Housing Sys., LLC*, Civ. A. No. 15-729, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016) (Barbier, J.) (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)).  *See also, Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

[38] R. Doc. 10.  *See*, R. Docs. 13, 24, & 40.

to the parties and the evidence before the Court, Plaintiff provided Amtrak with a "Rule 26 expert report disclosure" dated July 16, 2021, which lists 15 medical providers whom Plaintiff "expects will render expert opinion testimony" at trial.[39] The 15 medical providers include 14 physicians, Dr. Neil Duplantier, Dr. Lauren Sharett, Dr. Michael Puente, Dr. William E. Tiemann, Dr. Patrick Connor, Dr. Steven Nydick, Dr. Charles Chism, Dr. James D. Hanemann, Dr. John A. Kalmar, Dr. Ernest Rudman, Dr. Melissa Kwan, Dr. Julie A. Doan, Dr. Sanica J. Matthews, OD, and Dr. Luis M. Espinoza, as well as one nurse practitioner, Regina Hagglund.[40] The disclosure provides that all 15 medical providers "may testify regarding their respective studies conducted of Plaintiff . . . the respective interpretations of said studies; medical causation, i.e. that the accident in question directly caused Plaintiff's medical treatment, permanent physical restrictions and impairments; and finally, any work restrictions resulting from Plaintiff's treatment."[41] Plaintiff's disclosure further provides that the medical providers are expected to testify "regarding their physical examinations of Plaintiff, the history taken from Plaintiff and the respective diagnoses made of Plaintiff based upon the examinations and history – all of which appear in the providers' respective records and those of other providers."[42] Finally, the disclosure provides that:

> The basis of the providers' opinions appear in their respective records and the records from other healthcare providers seen by Plaintiff and include (1) the history taken from Plaintiff; (2) the history obtained through records reviewed from other providers and/or studies

---

[39] R. Doc. 58-4.
[40] *Id.* at pp. 2-3.
[41] *Id.* at p. 3.
[42] *Id.*

performed, if any; (3) review of any diagnostic testing/studies; (4) any physical examination of Plaintiff; (5) the respective provider's education, training and background.

Information regarding these witnesses' [sic] and their potential opinions are available from their respective medical records, which have been previously produced or obtained.  Their opinions will also be provided when their respective depositions are conducted prior to trial.[43]

The Court finds that Plaintiff's July 16, 2021 expert disclosure regarding her 14 treating physicians does not satisfy the requirements of Rule 26(a)(2)(C).[44]  The Court agrees with Amtrak that Plaintiff's vague and conclusory statements regarding what her treating physicians will opine about and the basis for those opinions do not sufficiently constitute "a summary of the facts and opinions to which the witness is expected to testify" under Rule 26(a)(2)(C).  As in *Hooks v. Nationwide Housing Systems, LLC*, the Court finds that Plaintiff has provided no information as to what her treating physicians intend to testify other than "about facts, data, and symptoms they observed in their patients during treatment."[45]  Thus, as in *Logan v. Westfield Insurance Company*, Plaintiff's Rule 26(a)(2)(C) expert disclosure "falls woefully short because it provides absolutely no detail about the causation opinions the treating physicians will provide nor does it summarize any facts upon which the treating physician will testify."[46]  Although Plaintiff argues that the medical records contain the bases for the opinions of her treating physicians, "disclosures consisting of

---

[43] *Id*. at p. 4.
[44] *See, Rodgers v. Hopkins Enterprises of Ms., LLC*, Civ. A. No. 17-6305, 2018 WL 3104288, at *2 (E.D. La. June 21, 2018) (Vance, J.).
[45] Civ. A. No. 15-729, 2016 WL 3667134, at *4 (E.D. La. July 11, 2016) (internal quotation marks omitted).
[46] Civ. A. No. 17-29, 2020 WL 412216, at *8 (W.D. La. Jan. 24, 2020).

medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)."[47] While "Courts must take care against requiring undue detail" in Rule 26(a)(2)(C) disclosures, courts in this Circuit have made clear that the summary disclosure should, at the very least, provide an abstract, abridgement, or compendium of the opinion and facts supporting the opinion.[48] Plaintiff's July 16, 2021 disclosure falls well below this standard, as it does not provide a summary of the facts and opinions to which her treating physicians are expected to testify.

To the extent Plaintiff asserts that her July 16, 2021 disclosure is sufficient because Judge Milazzo previously denied a motion to strike a "virtually identical" Rule 26(a)(2)(C) disclosure in the *Carroll* case, the Court rejects that argument as meritless.[49] The Court notes that the Rule 26(a)(2)(C) disclosures are "virtually identical" because the same attorney who represented the plaintiffs in the *Carroll* matter and signed the disclosure in that case also represents Plaintiff and signed the July 16, 2021 disclosure at issue here.[50] Thus, while Plaintiff relies on this case to support her position, the Court notes that it is evident to the Court that Plaintiff's July 16, 2021 expert disclosure was not tailored to the facts of this case, and simply

---

[47] *Hooks*, Civ. A. No. 15-729, 2016 WL 3667134 at *5 (citing *Williams v. State*, Civ. A. No. 14-00154, 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015) (Jackson, C.J.)).

[48] *Rea v. Wisconsin Coach Lines, Inc.*, Civ. A. No. 12-1252, 2014 WL 4981803, at *5 (E.D. La. Oct. 3, 2014) (*quoting* Fed. R. Civ. P. 26, 2010 Advisory Committee Notes) (internal quotation marks omitted); *See*, *Logan*, Civ. A. No. 17-29, 2020 WL 412216 at *7 & 8 (*quoting* Fed. R. Civ. P. 26, 2010 Advisory Committee Notes; *Rea*, Civ. A. No. 12-1252, 2014 WL 4981803 at *5); *Hooks*, Civ. A. No. 15-729, 2016 WL 3667134 at *5 ("This Court has explained that courts must take care against requiring undue detail in Rule 26(a)(2)(C) disclosures.") (quoting *Anders v. Hercules Offshore Servs., LLC*, 311 F.R.D. 161, 164 (E.D. La. 2015)) (internal quotation marks omitted).

[49] *See*, R. Docs. 175, 175-17 & 219 in Civ. A. No. 16-2589-JTM-MBN, *Carroll, et al. v. American Empire Surplus Lines Ins. Co., et al.* (E.D. La.).

[50] *See*, R. Doc. 58-4; R. Doc. 175-17 in Civ. A. No. 16-2589-JTM-MBN, *Carroll, et al. v. American Empire Surplus Lines Ins. Co., et al.* (E.D. La.).

copied the boilerplate language used by Plaintiff's counsel in other cases. The Court further notes that Judge Milazzo did not provide written reasons for denying the motion to strike in the *Carroll* case.[51] Plaintiff omitted this fact from her Opposition brief. This Court is not bound by the decisions of other Sections of this Court, especially when those decisions are contained in minute entries that do not provide the basis for the decision.[52] For all of these reasons, the Court finds that Plaintiff's July 16, 2021 disclosure fails to satisfy the requirements of Rule 26(a)(2)(C) for Plaintiff's treating physicians.

## B. Plaintiff's Failure to Comply With Rule 26(a)(2)(C) Is Substantially Justified Or Harmless.

The Court now turns to whether the expert opinions of Plaintiff's medical providers should be excluded at trial under Rule 37(c) for Plaintiff's failure to comply with Rule 26(a)(2)(C). As previously discussed, the Court must consider the following four factors to determine whether Plaintiff's failure to comply with Rule 26(a)(2)(C) was harmless or substantially justified and, therefore, whether to strike the testimony of the proposed experts: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice.[53]

---

[51] *See*, R. Doc. 219 in Civ. A. No. 16-2589-JTM-MBN, *Carroll, et al. v. American Empire Surplus Lines Ins. Co., et al.* (E.D. La.).

[52] *Id*.

[53] *Logan*, Civ. A. No. 17-29, 2020 WL 412216 at *8 (quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)) (internal quotation marks omitted); *Hooks*, Civ. A. No. 15-729, 2016 WL 3667134 at *3 (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)). *See also*, *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Turning to the first factor, Amtrak asserts that Plaintiff has provided no explanation for her failure to comply with the Court's Scheduling Order and Rule 26.[54] In response, Plaintiff seems to assert that this factor weighs against excluding the testimony because her July 16, 2021 disclosure complies with the requirements of Rule 26(a)(2)(C).[55] The Court has already determined that Plaintiff's expert disclosure does not comply with Rule 26(a)(2)(C). Additionally, Plaintiff offers no explanation as to why she never supplemented her Rule 26(a)(2)(C) disclosure to provide summaries of the anticipated testimony. Plaintiff simply relies upon Judge Milazzo's ruling in a separate case as proof that her disclosure is sufficient. The Court has already rejected this argument. As such, the Court finds that the first factor is neutral or weighs slightly in favor of excluding the expert testimony of Plaintiff's treating physicians.

Regarding the importance of the evidence, there is no doubt that the testimony of Plaintiff's treating physicians is essential to her case, especially her claim for damages. Amtrak does not dispute the importance of the testimony at issue.[56] Rather, Amtrak asserts that the importance of the testimony, alone, is insufficient to allow the testimony absent other compensating factors.[57] While that is true, the Court finds that the second factor clearly weighs against excluding the expert testimony of Plaintiff's treating physicians.

---

[54] R. Doc. 54-1; R. Doc. 74 at p. 6.
[55] R. Doc. 58 at pp. 7-10.
[56] R. Doc. 54-1 at pp. 5-6.
[57] *Id.* at p. 5 (citing *Rodgers v. Hopkins Enterprises of Ms, LLC*, Civ. A. No. 17-6305, 2018 WL 3104288, at *3 (E.D. La. June 21, 2018)).

Turning to the third factor, the prejudice to Amtrak, the Court finds this factor significant. The Court finds that allowing Plaintiff's medical providers to offer expert causation testimony at trial would prejudice Amtrak because Amtrak still does not know the facts and opinions of Plaintiff's treating physicians. Nevertheless, although Plaintiff's expert disclosure falls short of the Rule 26(a)(2)(C) requirements, the Court finds that it did place Amtrak on notice that the treating physicians intended to testify as to medical causation based upon their treatment of Plaintiff. Additionally, the Court is perplexed by Amtrak's decision to not depose any of Plaintiff's treating physicians in a case like this, where Amtrak disputes the extent of Plaintiff's injuries and corresponding damages. The Court finds it disingenuous for Amtrak to claim prejudice where it deliberately chose not to depose Plaintiff's treating physicians, and ignored correspondence from Plaintiff's counsel regarding the need for such depositions.[58]

Perplexingly, Amtrak asserts that the email correspondence between counsel regarding the depositions "underscore the prejudice to Amtrak from plaintiff's non-disclosures. Notably, it was plaintiff, <u>not</u> Amtrak, who proposed taking plaintiff's own treating physicians' depositions, including Drs. Arriaga, Puente, and Duplantier. Amtrak never agreed to take those depositions because it did not have the required 26(a)(2)(C) disclosures to prepare for them. . . ."[59] Amtrak then asserts that, "Plaintiff should not now be allowed to pressure Amtrak into taking depositions as part of plaintiff's apparent belated attempt to retroactively address her failure to

---

[58] *See*, R. Doc. 58-8.
[59] R. Doc. 74 at p. 4 (emphasis in original).

provide timely and required Rule 26 expert disclosures." [60]   The Court is not persuaded by Amtrak's argument.   Amtrak cannot claim prejudice where it purposefully chose not to depose Plaintiff's treating physicians and took no other steps to obtain information regarding their opinions.   Additionally, Amtrak failed to address in its Reply brief Plaintiff's assertion that Amtrak is not prejudiced with respect to its expert reports because Amtrak's economist and railway engineer did not consider any medical records in issuing their reports, and Amtrak's two medical experts examined Plaintiff.[61]   Accordingly, this factor weighs against excluding the expert testimony of Plaintiff's treating physicians.

As to the fourth and final factor, whether a continuance could cure the slight prejudice to Amtrak, the Court finds that this factor weighs against excluding the expert testimony of Plaintiff's medical providers.   This matter was filed on November 4, 2020 and the Court has already granted several trial continuances, including a recent continuance granted on April 11, 2022.[62]   Because the trial has been continued until September 6, 2022,[63] the Court finds that Amtrak, if it chooses to do so, has ample opportunity to depose Plaintiff's treating physicians prior to trial.   Further, in a telephone status conference held today, April 13, 2022, counsel for Plaintiff indicated that she is amenable to such depositions prior to the September trial date. The Court therefore concludes that this factor weighs against excluding the expert testimony of Plaintiff's medical providers.

---

[60] *Id.*
[61] R. Doc. 58 at p. 12; *See, generally,* R. Doc. 74.
[62] R. Doc. 93.
[63] R. Doc. 94.

Based on the foregoing four-factor analysis, the Court finds that a majority of the factors weigh in favor of finding that Plaintiff's Rule 26(a)(2)(C) violation was harmless or substantially justified so as to allow Plaintiff's treating physicians to offer expert testimony at trial. Accordingly, Amtrak's Motion to Strike must be denied.

IV.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Amtrak's Motion to Strike Plaintiff's Expert Testimony[64] is **DENIED.**

New Orleans, Louisiana, April 13, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[64] R. Doc. 54.