UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAMILLE L. MAHAR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2994-WBV-DMD** |
| **NATIONAL RAILROAD PASSENGER CORPORATION** | **SECTION: D (3)** |

### ORDER AND REASONS

Before the Court is a Motion for Additional Relief, To Clarify, or, in the Alternative, for Reconsideration on Motion to Strike Plaintiff's Expert Testimony, filed by National Railroad Passenger Corporation ("Amtrak").[1] Plaintiff opposes the Motion,[2] and Amtrak has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED in part and DENIED in part.**

I. **FACTUAL AND PROCEDURAL BACKGROUND**[4]

On April 13, 2022, this Court issued an Order and Reasons, denying Amtrak's Motion to Strike Plaintiff's Expert Testimony.[5] In doing so, the Court denied Amtrak's request to strike the non-disclosed expert testimony of Plaintiff's treating physicians, including Dr. Moises Arriaga, Dr. Michael Puente, and Dr. Neil

---

[1] R. Doc. 97.
[2] R. Doc. 99.
[3] R. Doc. 102.
[4] In the interest of judicial economy, and because the factual and procedural background of this case was extensively detailed in the Court's April 13, 2022 Order and Reasons granting Amtrak's Motion to Strike Plaintiff's Untimely Supplemental Witness and Exhibit Lists (R. Doc. 95), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.
[5] R. Doc. 96.

Duplantier, for failing to provide sufficient expert disclosures under Fed. R. Civ. P. 26(a)(2)(C).

On April 18, 2022, Amtrak filed the instant Motion, asking the Court to require Plaintiff to provide sufficient Rule 26(a)(2)(C) expert disclosures for the 14 treating physicians that Plaintiff intends to call as expert witnesses at trial, and for those disclosures to detail the causation and other opinions those physicians will provide, as well as a summary of the facts upon which the physicians will testify.[6] Amtrak claims that it will be prejudiced if Plaintiff is allowed to introduce expert causation testimony at trial from her treating physicians without providing supplemental disclosures that comply with Rule 26(a)(2)(C), and that the Court explicitly recognized that risk of prejudice in its April 13, 2022 Order and Reasons.[7] Amtrak contends that it should not be forced to depose Plaintiff's 14 treating physicians in order to elicit the expert opinions they may be offering at trial. Amtrak argues that due process and fundamental fairness require that Amtrak know the expert opinions and the factual bases of those opinions before the depositions so that it can adequately prepare to challenge those opinions during the depositions.[8] As such, Amtrak asks this Court to order additional relief, clarify, or, alternatively, reconsider its April 13, 2022 Order and Reasons and require Plaintiff to provide supplemental Rule 26(a)(2)(C) disclosures before the end of May 2022 that detail the causation and other

---

[6] R. Doc. 97 at pp. 2-3.
[7] *Id.* at pp. 1 & 3 (*citing* R. Doc. 96 at p. 14).
[8] R. Doc. 97-1 at p. 3.

expert opinions that her treating physicians will offer and to summarize any facts upon which they will testify.[9]

Plaintiff argues that Amtrak's Motion should be denied as moot because Plaintiff supplemented her Rule 26(a)(2)(C) disclosures on April 19, 2022, which provides the information sought by Amtrak in its Motion.[10] Plaintiff asserts that her supplemental disclosure culled down her expert list to only four treating physicians and two experts whose reports were previously provided, that she has supplemented her discovery responses and produced to defense counsel all medical records in her possession as of April 20, 2022, and that Amtrak has refused to cooperate with her repeated requests to take the depositions of Plaintiff's treating physicians, Dr. Puente, Dr. Duplantier, and Dr. Arriaga.[11] Plaintiff contends there is no basis for Amtrak's request for additional relief and that Amtrak is wasting judicial resources and time with mooted motion practice since Plaintiff has provided all of the information demanded in Amtrak's Motion.[12] Plaintiff further asserts that Amtrak's request for reconsideration under Fed. R. Civ. P. 54(b) should be denied because Amtrak has failed to establish that: (1) the Motion is necessary to correct a manifest error of law; (2) there is newly discovered or previously unavailable evidence; (3) the Motion is necessary to prevent manifest injustice; or (4) the Motion is justified by an intervening change in controlling law.[13] Plaintiff argues that Amtrak's Motion

---

[9] *Id.* at p. 5.
[10] R. Doc. 99.
[11] *Id.* at pp. 2-3 (*citing* R. Docs. 99-1 & 99-2).
[12] R. Doc. 99 at p. 4.
[13] *Id.* at pp. 4-6 (citing *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548 (E.D. La. 2013); *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)).

should be denied because Amtrak is simply dissatisfied with the Court's April 13, 2022 Order and Reasons and is continuing to obstruct the discovery it claims it needs to evaluate this case.[14]

In response, Amtrak asserts that its Motion is not moot because Plaintiff's supplemental disclosures are still deficient, in part, under Rule 26(a)(2)(C) because Plaintiff did not disclose the expert opinions that Dr. Duplantier, Dr. Sharett, Dr. Puente, or Dr. Arriaga will offer at trial or the factual bases for those opinions.[15] Amtrak concedes that two of the disclosures pertaining to causation opinions from Dr. Duplantier and Dr. Arriaga comply with Rule 26(a)(2)(C).[16]

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure impose disclosure requirements upon proponents of expert testimony.[17] Expert witnesses who are "retained or specially employed to provide expert testimony" must submit written reports.[18] Treating physicians, however, are exempt from this reporting requirement.[19] Under Fed. R. Civ. P. 26(a)(2)(C), non-reporting expert witnesses must disclose: (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which the witness is expected to testify.[20] These disclosures must be made in accordance with

---

[14] R. Doc. 99 at p. 6.
[15] R. Doc. 102 at p. 2.
[16] *Id.* at pp. 5 & 9.
[17] Fed. R. Civ. P. 26.
[18] Fed. R. Civ. P. 26(a)(2)(B).
[19] Fed. R. Civ. P. 26, 1993 and 2010 Advisory Committee Notes; *Leggett v. Dolgencorp, LLC*, Civ. A. No. 16-17264, 2017 WL 4791183, at *1 (E.D. La. Oct. 24, 2017).
[20] *Rea v. Wisconsin Coach Lines, Inc.*, Civ. A. No. 12-1252, 2014 WL 4981803, at *3 (E.D. La. Oct. 3, 2014) (*citing* Fed. R. Civ. P. 26(a)(2)(C)).

the deadlines set in the court's scheduling orders or, absent a stipulation or a court order, at least 90 days before trial or within 30 days of the other party's disclosure when offered solely to rebut or contradict such evidence.[21]

### III. ANALYSIS

#### A. Dr. Neil Duplantier

Amtrak asserts that Plaintiff's supplemental disclosures regarding Dr. Duplantier are improper to the extent Plaintiff asserts that he will testify "concerning the facts and opinions found in his deposition testimony that has not yet been taken," to the extent Dr. Duplantier will offer opinions based upon subsequent treatment by Dr. Luis M. Espinoza, and to the extent Dr. Duplantier will opine on Plaintiff's "future medical needs based on her medical treatment and injuries."[22] Amtrak maintains that Plaintiff has failed to provide a summary of the facts and opinions upon which Dr. Duplantier is expected to testify during his deposition and that Plaintiff failed to disclose what Plaintiff's "future medical needs" are or the factual basis for the opinions related to her future medical needs.[23] Amtrak argues that Plaintiff's disclosure regarding Dr. Duplantier opining on her future medical needs is "especially inadequate" in light of the fact that Dr. Duplantier last saw Plaintiff on November 7, 2019.[24] Amtrak, however, concedes that Plaintiff's disclosure that Dr. Duplantier will

---

[21] Fed. R. Civ. P. 26(a)(2)(D).
[22] R. Doc. 102 at pp. 4-5.
[23] *Id.* at pp. 4 & 5.
[24] *Id.* at p. 5.

testify that Plaintiff's injuries were caused by the May 19, 2019 accident at issue in this case complies with Rule 26(a)(2)(C).[25]

The Court agrees with Amtrak that Plaintiff's supplemental disclosures regarding Dr. Duplantier's anticipated testimony, except for his opinion regarding medical causation, fail to comply with the requirements of Rule 26(a)(2)(C). Although Plaintiff provided a summary of Dr. Duplantier's treatment of Plaintiff, Plaintiff has failed to provide a clear summary of the facts and opinions to which Dr. Duplantier will testify, or the factual bases for those opinions. The Court specifically finds Plaintiff's disclosure that, "We also expect Dr. Duplantier to opine on Camille's future medical needs based on her medical treatment and injuries" does not comply with Rule 26(a)(2)(C), as Plaintiff offers no information regarding her future medical needs or Dr. Duplantier's basis for that opinion. As this Court explained in its April 13, 2022 Order and Reasons, "While 'Courts must take care against requiring undue detail' in Rule 26(a)(2)(C) disclosures, courts in this Circuit have made clear that the summary disclosure should, at the very least, provide an abstract, abridgement, or compendium of the opinion and facts supporting the opinion."[26]

To the extent Plaintiff's supplemental disclosure for Dr. Duplantier contains a summary of Plaintiff's subsequent treatment by a different physician, Dr. Luis M.

---

[25] *Id.*
[26] R. Doc. 96 at p. 11 (quoting *Rea v. Wisconsin Coach Lines, Inc.*, Civ. A. No. 12-1252, 2014 WL 4981803, at *5 (E.D. La. Oct. 3, 2014) (internal quotation marks omitted)); *See, Logan v. Westfield Ins. Co.*, Civ. A. No. 17-29, 2020 WL 412216, at *7 & 8 (W.D. La. Jan. 24, 2020) (quoting Fed. R. Civ. P. 26, 2010 Advisory Committee Notes; *Rea*, Civ. A. No. 12-1252, 2014 WL 4981803 at *5); *Hooks v. Nationwide Housing Sys., LLC*, Civ. A. No. 15-729, 2016 WL 3667134, at *5 (E.D. La. July 11, 2016) ("This Court has explained that courts must take care against requiring undue detail in Rule 26(a)(2)(C) disclosures.") (quoting *Anders v. Hercules Offshore Servs., LLC*, 311 F.R.D. 161, 164 (E.D. La. 2015)) (internal quotation marks omitted).

Espinoza, the Court agrees with Amtrak that any opinion testimony by Dr. Duplantier regarding Plaintiff's treatment by Dr. Espinoza would fall outside of Rule 26(a)(2)(C) and would be subject to the requirement of an expert report under Fed. R. Civ. P. 26(a)(2)(B).  Because Dr. Duplantier is not a retained expert and did not provide an expert report, his testimony must be based on his personal knowledge of his examination, diagnosis, and treatment of Plaintiff.  The Court similarly concludes that opinions regarding Plaintiff's future medical needs appears to go beyond Dr. Duplantier's treatment of Plaintiff, at least based upon the brief summary of the medical records provided in Plaintiff's supplemental disclosure.[27]  Thus, Plaintiff must provide a supplemental disclosure for Dr. Duplantier that complies with Rule 26(a)(2)(C) in order for Dr. Duplantier to offer expert opinions at trial.

### B. Dr. Lauren Sharett

Amtrak next asserts that Plaintiff's supplemental disclosure does not disclose any expert opinion that Dr. Sharett will offer at trial or the basis for any expert opinion.[28]  Amtrak claims that Plaintiff instead chose to recite the information contained in Dr. Sharett's medical records.  The Court agrees with Amtrak's assessment of Plaintiff's supplemental disclosure as to Dr. Sharett, which fails to designate any expert opinions to which Dr. Sharett is expected to testify at trial.[29]  Indeed, Plaintiff appears to summarize Dr. Sharett's medical records and asserts that, "We anticipate Dr. Puente and Dr. Arriaga will address Dr. Sharett's treatment

---

[27] *See*, R. Doc. 99-1 at pp. 3-4.
[28] R. Doc. 102 at p. 6.
[29] *See*, R. Doc. 99-1 at pp. 5-6.

and diagnoses, as well as his treatment and diagnoses of Camille." [30]  Because Plaintiff has failed to identify any opinions to which Dr. Sharett is expected to testify at trial, her supplemental disclosure as to Dr. Sharett clearly does not comply with Rule 26(a)(2)(C).  Accordingly, Dr. Sharett will not be allowed to offer expert opinions at trial unless Plaintiff provides a supplemental disclosure for Dr. Sharett that complies with the requirements of Rule 26(a)(2)(C).

### C. Dr. Michael Puente

Amtrak likewise asserts that Plaintiff's supplemental disclosure as to Dr. Puente is insufficient under Rule 26(a)(2)(C) because Plaintiff merely asserts that Dr. Puente saw Plaintiff once, two years after the accident, and that Dr. Puente "will address Dr. Sharett's treatment and diagnoses, as well as his treatment and diagnoses of Camille."[31]  Amtrak claims that Plaintiff fails to disclose any expert opinions that Dr. Puente will offer, or any factual basis for those opinions, and that it would be improper for Dr. Puente to render expert opinions as to Dr. Sharett's care and treatment of Plaintiff. [32]  The Court agrees with Amtrak that Plaintiff's supplement disclosure for Dr. Puente does not satisfy the requirements of Rule 26(a)(2)(C), as Plaintiff fails to disclose any expert opinions that Dr. Puente will offer at trial.  The Court also agrees with another Section of this Court that any opinions offered by Dr. Puente regarding Plaintiff's treatment with Dr. Sharett would be "more akin to expert testimony under Rule 26(a)(2)(B)" and would require an expert

---

[30] *Id.* at p. 6.
[31] R. Doc. 102 at p. 6.
[32] *Id.* at pp. 6-7 (citing *Parker v. NGM Insur. Co.*, Civ. A. No. 15-2123, 2016 WL 3198613, at *3 (E.D. La. June 9, 2016)).

report.[33] Because Dr. Puente is not a retained expert and did not provide an expert report, Dr. Puente's testimony must be based on his personal knowledge of his examination, diagnosis, and treatment of Plaintiff. As such, Plaintiff must provide a supplemental disclosure as to Dr. Puente that complies with Rule 26(a)(2)(C) in order for him to offer expert opinions at trial.

### D. Dr. Moises Arriaga

Finally, Amtrak asserts that Plaintiff's supplemental disclosure regarding Dr. Arriaga is deficient because Plaintiff fails to provide Dr. Arriaga's anticipated opinions or the factual basis for his opinions.[34] While Plaintiff's supplemental disclosure states that Dr. Arriaga will opine that time and treatment are the best measures to address Plaintiff's vestibular dysfunction, Amtrak asserts that Plaintiff fails to disclose what treatments are best or how much time is needed to address the alleged vestibular dysfunction. Plaintiff's supplemental disclosure similarly provides that Dr. Arriaga is expected to opine on Plaintiff's future medical needs based on her current medical treatment and injuries, but Amtrak asserts that Plaintiff fails to disclose the future medical needs that Dr. Arriaga will opine on or the factual or other basis of those medical needs.[35] Amtrak claims that it needs to know what Plaintiff's future medical needs are in order to challenge them in deposition.[36] The Court agrees with Amtrak that these two disclosures do not meet the requirements of Rule 26(a)(2)(C) because it is unclear what Dr. Arriaga's opinion is regarding Plaintiff's

---

[33] *Parker*, Civ. A. No. 15-2123, 2016 WL 3198613, at *3.
[34] R. Doc. 102 at p. 7.
[35] *Id.* at p. 8.
[36] *Id.*

need for future treatment, how much time is needed for that treatments, and what facts or data support those opinions. Further, opinions regarding Plaintiff's need for future medical care appear to go beyond Dr. Arriaga's treatment of Plaintiff, at least based upon the brief summary of those medical records provided in Plaintiff's supplemental disclosure.[37]

The Court also agrees with Amtrak regarding the insufficiency of Plaintiff's supplemental disclosure that she "underwent additional testing with Dr. Arriaga's office on March 16, 2022," and that Plaintiff anticipates that, "Dr. Arriaga will also opine on these tests and results."[38] As Amtrak points out, Plaintiff fails to specify what tests were conducted or the opinion Dr. Arriaga will offer regarding the test results.[39] The Court finds that this vague disclosure does not comply with the requirements of Rule 26(a)(2)(C) because Plaintiff provides no information regarding the opinions to be offered by Dr. Arriaga or the factual basis of those opinions. The Court likewise agrees with Amtrak that Plaintiff's disclosure that Dr. Arriaga will opine "to a reasonable medical certainty, more likely than not, the 5/19/19 accident caused the vestibular dysfunction diagnosis and symptoms for which he is treating her"[40] is insufficient under Rule 26(a)(2)(C) because Plaintiff fails to disclose the factual basis for Dr. Arriaga's causation opinion.[41] Accordingly, Plaintiff must

---

[37] *See*, R. Doc. 99-1 at pp. 6-7.
[38] R. Doc. 99-1 at p. 7. *See*, R. Doc. 102 at pp. 8-9.
[39] R. Doc. 102 at p. 8.
[40] R. Doc. 99-1 at p. 7.
[41] R. Doc. 102 at p. 9. *See*, *Rea v. Wisconsin Coach Lines, Inc.*, Civ. A. No. 12-1252, 2014 WL 4981803, at *5 (E.D. La. Oct. 3, 2014) ("Here, Dr. Cravens' affidavit does not comply with the disclosure requirements of Rule 26(a)(2)(C). While Dr. Cravens' opinion is clear, it is unclear what facts or data support that opinion or conclusion, an element required by Rule 702 of the Federal Rules of Evidence or Rule 26(a)(2)(C).").

provide a supplemental disclosure as to Dr. Arriaga that complies with Rule 26(a)(2)(C) in order for him to offer expert opinions at trial.[42]

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Amtrak's Motion for Additional Relief, To Clarify, or, in the Alternative, for Reconsideration on Motion to Strike Plaintiff's Expert Testimony[43] is **GRANTED in part** and **DENIED in part.** The Motion is **GRANTED** to the extent Amtrak seeks additional relief in the form of the Court requiring Plaintiff to provide supplemental disclosures under Fed. R. Civ. P. 26(a)(2)(C) for four of her treating physicians, Dr. Duplantier, Dr. Sharett, Dr. Puente, and Dr. Arriaga.  Plaintiff shall provide supplemental disclosures as to these four physicians that comply with Rule 26(a)(2)(C) within **seven (7) days** from the date of this Order.[44]  The Motion is otherwise **DENIED.**

New Orleans, Louisiana, May 12, 2022.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[42] The Court notes that Amtrak concedes that Plaintiff's disclosure that Dr. Arriaga will testify that the "abnormal findings on the VOR, VVOR, and VFX on rotational chair testing is indicative of central findings," and that, "Central findings indicate brain related function issues consistent with concussive trauma" complies with Rule 26(a)(2)(C)." R. Doc. 102 at p. 9.
[43] R. Doc. 97.
[44] The Court further notes that Plaintiff has been on notice of Amtrak's contentions regarding the incompleteness of Plaintiff's Rule 26 disclosures since January 31, 2022, when Amtrak filed its Motion to Strike Plaintiff's Expert Testimony (R. Doc. 54).